UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, L.L.C,
d/b/a LIVING ESSENTIALS, a Michigan
limited liability company,

       Plaintiff,

                                      Civil No. 09-11276
                                      Hon. John Feikens

       v.

CB DISTRIBUTORS, INC.
a Wisconsin corporation,

       Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT CB DISTRIBUTORS, INC.'S MOTION TO DISMISS**

Plaintiff Innovation Ventures, L.L.C., d/b/a Living Essentials ("Living Essentials") filed an action for declaratory judgment. Defendant CB Distributors, Inc. ("CB") has brought a Motion to Dismiss this action, claiming that the discretionary exercise of federal declaratory jurisdiction is not warranted. For the reasons set forth below, I GRANT Defendant's Motion to Dismiss.

**BACKGROUND**

CB is an Illinois corporation with its principal place of business in Beloit, Wisconsin. CB is a distributor of products to convenience stores. Living Essentials is a Michigan limited liability company with its headquarters in Novi, Michigan. Living Essentials is a national marketer and distributor of nutritional and dietary supplements, including 5 HOUR ENERGY.

Living Essentials claims that in 2004, it approached numerous distributors, including CB, to distribute 5 HOUR ENERGY. CB began making regular orders for 5 HOUR ENERGY. However, the parties did not execute a written contract. Living Essentials claims that the terms were set on an order-by-order basis. Living Essentials has now raised the price of 5 HOUR ENERGY.

CB states that Living Essentials represented to CB that 5 HOUR ENERGY would only be sold through authorized distributors, that CB would be one of those distributors, and that it would sell 5 HOUR ENERGY to CB at the lowest price offered to any buyer in exchange for the opportunity to introduce and support 5 HOUR ENERGY to the convenience store market through CB's dealership. CB claims that in reliance on these representations, it marketed 5 HOUR ENERGY and created and manufactured custom racks for the product that were placed in many convenience stores in its network. CB claims that in 2008, Living Essentials changed the price of its product and its credit arrangement with CB, violating its prior agreement. Additionally, CB claims that Living Essentials directly contacted some of CB's customers and told them they could purchase 5 HOUR ENERGY from Living Essentials for the same price or a lower price than CB was offering. Living Essentials also began restricting the quantity of 5 HOUR ENERGY that CB could purchase.

Additionally, CB claims that Living Essentials sent a letter to its customers in 2008 stating that 6 Hour Power, another product distributed by CB, was subject to recall based on a preliminary injunction order. As a result, many of CB's customers were upset and refused to take delivery of any product with a reference to the title "6 hour" in the label. CB claims that Living Essentials deliberately misrepresented the preliminary injunction and recall order, which

was only binding on two named Defendants, none of whom were CB's customers.

On March 17, 2009, Living Essentials claims that CB's counsel threatened suit against it. On April 3, 2009, CB's counsel sent Living Essentials' counsel a letter with a draft complaint threatening to sue if Living Essentials did not contact CB by the end of the day.  In the draft complaint, CB alleged the following : (1) Violation of Wisconsin Fair Dealership Law; (2) Breach of Contract; (3) Breach of Implied Covenant of Good Faith and Fair Dealing; (4) Unjust Enrichment; and (5) Tortious Interference with Contractual Relationship.  Living Essentials did not contact CB; however, CB did not file suit immediately.

On April 6, 2009, Living Essentials filed the Declaratory Judgment action currently before this Court, asking that the court declare that it did not commit any of the above alleged violations.  On April 13, 2009, CB filed its Complaint in Wisconsin state court.  On May 5, 2009, Living Essentials removed the Wisconsin state court action to the U.S. District Court for the Western District of Wisconsin.

CB filed a Motion to Dismiss, asking that this Court decline to exercise jurisdiction over the declaratory judgment action filed by Living Essentials.

**APPLICABLE LAW**

Under the Declaratory Judgment Act, 28 U.S.C. § 2201 (a), a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  A federal court is not obligated to assume jurisdiction over a declaratory judgment action, but has discretion to dismiss such an action in appropriate circumstances."  Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

In determining whether to exercise jurisdiction over a declaratory judgment action, a

district court must consider the following five factors: (1) whether the declaratory judgment would settle the controversy in its entirety; (2) whether the action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the action was filed solely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; (4) whether the action would increase friction between the state and federal courts; and (5) whether the action is the most effective alternative.  Grand Trunk Western R.R. Co. v. Consolidated Rail Corp., 746 F.2d 323, 326 (6th Cir. 1984).  These five factors are to be balanced, with no one factor controlling. Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 563 (6th Cir. 2008).

## ANALYSIS

**1)   Whether the declaratory judgment would settle the controversy in its entirety**

CB argues that a declaratory judgment action would not settle the case in its entirety because if Living Essentials was found to be liable on any of the claims, causation and damages must then be litigated in some other forum.  However, Living Essentials correctly points out that CB's counterclaims would be compulsory because the claims arise out of the same transaction or occurrence.  Fed. R. Civ. P. 13.  Therefore, this action would settle the controversy in its entirety. Systems v. Material Handling Co. v. Greenstein, 1999 WL 760454, *5 (D. Kan. August 13, 1999). I find and the parties agree that this factor does not favor either party.

**2)   Whether the declaratory action would serve a useful purpose in clarifying the legal relation in issue**

"The useful purpose served by the declaratory judgment action is the clarification of legal duties for the future."  Amsouth Bank v. Dale, 386 F.3d 763, 786-787 (6th Cir. 2004). Living Essentials claims that they are seeking clarification of their legal duties.  Specifically, they claim

4

that the Court needs to clarify whether a contracts exists between the parties, the terms of any such contract, and whether its conduct constitutes a breach of said contract.  Additionally, Living Essentials claims that the Court must clarify whether it is a "dealer" and if there is a "dealership agreement" between the parties to determine if it is violating the Wisconsin Fair Dealership Act.  CB argues that Living Essentials' would have no more potential to suffer damages if this Court chooses not to exercise jurisdiction and the case is heard in Wisconsin, as that suit is already filed and could proceed immediately.

      This Court could clarify the legal relations for the future; thus, this factor favors retaining jurisdiction.

### 3)      Whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata

      "The federal declaratory judgment is not the prize to the winner of the race to the courthouse."  Tempco Elec. Heater Corp. v. Omega Engineering, Inc., 819 F.2d 746, 749-750 (7th Cir. 1987).  When a declaratory judgment suit is brought purely in anticipation of a filing by the defendant in another forum, that suit should be dismissed.  Kmart Corp. v. Key Indus., Inc., 877 F.Supp. 1048, 1053 (E.D. Mich. 1994) (Edmunds, J.).  The Court cannot allow a party to secure a more favorable forum by filing an action for declaratory judgment when it has notice that the other party intends to file suit involving the same issues in a different forum.  Hanes Corp. v. Millard, 531 F.2d 585, 592-593 (D.C. Cir. 1976).

      Living Essentials states that it has not used the declaratory remedy for procedural fencing.  It states that it was concerned that CB was contacting Living Essentials' customers and informing them that they must buy 5 HOUR ENERGY from CB instead of Living Essentials.  Living Essentials claims that therefore, this suit was necessary to remove doubt about its

conduct. It also claims there is a substantial connection between the forum and factual circumstances of the litigation because its principal place of business is in Novi and most of the witnesses and documents at issue are in Michigan.

The timing of suit in this case contradicts Living Essentials' arguments that this suit was not filed for the purpose of procedurally fencing. Specifically, Living Essentials received a letter and a draft complaint to be filed in Wisconsin state court only three days prior to filing suit in this Court. "Courts take a dim view of declaratory plaintiffs who file there suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum." Amsouth, 386 F.3d at 788. In Columbia Pictures Indus., Inc. v. Schneider, the court noted that allowing a declaratory judgment to proceed that was filed six days before another action "would created disincentives to responsible litigation." 435 F. Supp. 742, 747-748 (S.D.N.Y. 1977). The court stated that "[p]otential plainitffs should be encouraged to attempt settlement discussions (in good faith and with dispatch) prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing before plaintiff files an already drafted complaint." Id.

In this case, Living Essentials claims that it was concerned about its continuing liability because CB had threatened suit before. However, in this case, CB mailed a draft complaint to Living Essentials on April 3, 2009, stating that it would file suit if Living Essentials did not contact it by the end of the day. This was an attempt to settle the case without involving the courts. However, Living Essentials did not make contact– rather, it filed this suit three days later. In this case, allowing Living Essentials to take advantage of CB's attempt to settle before

filing a complaint by allowing the declaratory judgment to go forward would reward Living Essentials for choosing not to engage in settlement discussions by allowing it to proceed in a forum that is more convenient for Living Essentials.

Given that Living Essentials's conduct indicates that it was attempting to use procedural fencing to gain a favorable forum and to retain jurisdiction would award Living Essentials for its choice not to engage in settlement negotiations despite CB's attempts, this factor heavily favors dismissal.

**4)   Whether the use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state court jurisdiction**

The next factor to consider is whether a declaratory action would increase friction between federal and state courts and improperly encroach upon state court jurisdiction. In this matter, the action in Wisconsin state court was removed to federal court. Therefore, this action would not increase friction between the federal and state courts, and this factor favors retaining jurisdiction.

**5) Whether there is an alternative remedy which is better or more effective**

The next factor is whether there is an alternative remedy which is better or more effective. In this case, there is clearly an alternative remedy in the form of the action that has been filed by CB in the state court and removed by Living Essentials to federal court in Wisconsin. Living Essentials argues that because many of the acts that CB complains of occurred in Michigan and because many of the witnesses and documents necessary to proceed in this case are located in Michigan, this Court is more effective alternative. CB argues that its documents and witnesses are located in Wisconsin, and that this case involves Wisconsin state

7

law. Additionally, CB notes that a lawsuit where the parties are naturally aligned is more appropriate and effective. Amsouth, 386 F.3d at 791. In this case, the parties are naturally aligned in Wisconsin. However, Living Essentials correctly notes that the Court in Amsouth found that when this same argument was made, the factor did not favor either party. Therefore, This factor is at best neutral in regard to whether this Court should exercise jurisdiction.

## CONCLUSION

"Cases construing the interplay between declaratory judgment actions and suits based on the merits of underlying substantive claims create, in practical effect, a presumption that a first-filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit." Amsouth, 386 F.3d at 791, note 8 (citing UAW v. Dana Corp., 1999 WL 33237054, *5-*6 (N.D. Ohio Dec. 6, 1999)). In this case, while this Court could serve a useful purpose in clarifying the legal relations between the parties, the Wisconsin Court is equally equipped to do so. While this action would not increase friction between state and federal courts, the procedural fencing by Living Essentials heavily favors dismissal of this case. The other factors are neutral. This Court believes that the procedural fencing by Living Essentials outweighs the other factors which favor retaining jurisdiction in this case. Therefore, I GRANT Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Date:     August 10, 2009              s/ John Feikens
                                       John Feikens
                                       United States District Judge

|  |
|---|
| Proof of Service |
| I hereby certify that the foregoing order was served on the attorneys/parties of record on August 10, 2009, by U.S. first class mail or electronic means.<br><br>                             s/Carol Cohron             <br>                             Case Manager |